**United States District Court**
**Southern District of New York**
-----------------------------------------------------------------
**Younas Haji,**

      **Plaintiff**

               v.

**The United States of America, The City of New York, Drug Enforcement Agency Special Agents Robert Barrett, Kate Barnard, Paul Buchanan, and Unknown Employees of the United States, New York State, and New York City,**

      **Defendants.**
-----------------------------------------------------------------

Docket No. 08CV2230 (TCP)(JCF)

Complaint

Jury Trial Demanded

     Plaintiff Younas Haji, by his attorney Eugene B Nathanson, alleges:

## Introduction

     1. On July 26, 2006, Plaintiff Younas Haji was arrested in Portland, Maine, pursuant to a warrant issued as a result of an indictment filed in the Southern District of New York.

     2. The indictment was the product of an investigation by the Organized Crime Drug Enforcement Strike Force ("Strike Force"), a joint federal-state task force.

     3. The indictment charged Haji with conspiracy to distribute and to import khat (cathinone, a controlled substance), and included three overt acts involving him: possessing or attempting to possess khat in New York City, on February 10, 2006, March 16, 2006, and March 17, 2006.

     4. On each of those three dates, Haji was in Portland, Maine, where he lived, either driving a taxi cab or attending college.

     5. On January 8, 2007, as a result of Haji documenting that he was in Portland on those three dates, the indictment was dismissed.

6. Because Haji's indictment was dismissed before trial and before much discovery was provided him, Haji has obtained only limited information about why he was indicted as part of the khat conspiracy. Haji has asked the prosecutors for information about why he was targeted and named a co-conspirator, but has received no answers. The allegations of this complaint are based on discovery material provided to others charged in the indictment together with the limited information provided to Haji.

**Jurisdiction and Parties**

7. This action arises under 42 U.S.C. §1983 and the Fourth and Fourteenth Amendments to the Constitution of the United States, and under the Federal Torts Claims Act, 28 U.S.C. § 1346(b). This Court has jurisdiction over these federal claims under 28 U.S.C. §§1331, 1343, and 1346(b). The State causes of action alleged herein are so related to the Civil Rights claims that they form part of the same case or controversy under Article III of the United States Constitution. This court has jurisdiction over the state claims under 28 U.S.C. §§1332(a)(1) and 1367.

8. During all times mentioned in the complaint, Plaintiff Younas Haji was a resident of the State of Maine.

9. During all times mentioned in the complaint, defendants Robert Barrett, Kate Barnard, Paul Buchanan were Special Agents employed by the Drug Enforcement Administration, a federal agency of the United States, acting within the scope of their employment and in their official capacity. They are sued only in their individual capacity.

10. During all times mentioned in the complaint, Defendants Unknown Employees of the United States, New York State, and New York City Governments,

are United States, New York State, and New York City officers who were members of the Strike Force who either caused Haji's indictment or possessed information from which they knew or should have known that Haji was not a member of the conspiracy, and did not disclose that information to prevent or discontinue Haji's prosecution.

**Facts**

11. Beginning about January, 2006, the Strike Force, a joint operation of the United States Drug Enforcement Administration, Department of Homeland Security, Immigration and Customs Enforcement, Immigration and Naturalization Service, and Internal Revenue Service, the New York State Division of State Police, and the New York City Police Department, conducted an investigation into khat trafficking operating out of the Southern District of New York.

12. In about February, 2006, the Strike Force initiated a wiretap on the telephone of Ali Awad, a subject of the investigation.

13. Upon information and belief, one of the people with whom Awad spoke over the telephone identified himself as "Yunis," and was then identified in the investigation as Yunis [LNU]. Awad held recorded conversations with Yunis [LNU] on at least February 10 and March 16, 2006.

14. Yunis [LNU] was not Younas Haji, but the Strike Force eventually incorrectly identfied Younas Haji as Yunis [LNU].

15. On a certain date which, upon information and belief, was February 10, 2006, members of a Strike Force surveillance team saw a suspect individual, who the members of the team and believed to be Yunis [LNU], pick up a box of khat, drive the box of khat to a location in Harlem, and participate in dividing the khat for future

shipment. That suspect left some khat in an unlocked car, from which Strike Force agents recovered it. That suspect then telephoned Awad, a call which, upon information and belief, was recorded by the Strike Force.

16. Upon information and belief, the Strike Force purported to identify"Yunis [LNU]" as Younas Haji based on identification of the cell and landline telephone numbers of Younas Haji. However, Younas Haji's cell and landline telephones were never used it to speak with Awad or anybody else connected with the khat conspiracy.

17. Upon information and belief, subsequent to the Strike Force identifying Yunis [LNU] as Younas Haji, Strike Force agents who had observed the transactions described in paragraph 13 were shown a photograph of Younas Haji and falsely identified that photograph as the suspect in the transaction of February 10.

18. Upon information and belief, the suspect who engaged in a transaction on February 10 was approximately 50 years old, more than 25 years older than Haji.

19. The recorded voice of Yunis [LNU] is clearly distinguishable from Younas Haji's voice.

20. On July 19, 2006, Barrett testified before a federal grand jury that:

    a. Younas Haji is a khat transporter for Awad, and other conspirators, that he went back and forth to Massachusetts, Ohio, and Maine, transporting Khat;

    b. Youas Haji's activities are directed by Award;

    c. the DEA identified Younas Haji by his cell and home telephones;

    d. Younas Haji picked up a box of khat which he transported to Harlem, left some khat in his vehicle, which he failed to lock, that agents took Khat from the vehicle, and that in a telephone conversation afterward Awad

>   berated Younas Haji for losing the khat;
>
>   e. agents identified a as photograph of Younas Haji has the person who transported the khat to Harlem, lost some, and was berated by Awad; and
>
>   f. a surveillance unit saw a box of khat taken out of Younas Haji's car.

21. Upon information and belief, Barrett was the only witness who testified before the grand jury concerning Haji's alleged involvement in the khat conspiracy.

22. As a result of Barrett's testimony before the grand jury, Haji was indicted for conspiracy to distribute khat and conspiracy to import khat, and the United States Government obtained a warrant for his arrest.

23. On July 26, 2006, defendants DEA Agents Kate Barnard and Paul Buchanan arrested Haji while Haji was driving his taxicab in the vicinity of the Portland airport.

24. After Haji was arrested, Barnard and Buchanan interviewed him. Haji denied any knowledge of our involvement with khat. He explained to them and that he was a college student and that he drove a taxi for a living.

25. Upon information and belief, Barnhard and Buchanan had listened to the recordings of telephone conversations with Yunis [LNU], and were familiar with the voice of Yunis [LNU].

26. After Haji was arrested, Barnard seized Haji's cell phone, and found 59 names and 60 telephone numbers in the contact list stored on Haji's cell phone.

27. Upon information and belief, none of the names and telephone numbers found on the contact list corresponded to any of the names or numbers uncovered in the course of the investigation.

28. Barnard also discovered on the cell phone a record of 36 missed, received,

or dialed telephone calls. Upon information and belief, none of the numbers corresponded to any of the names or numbers uncovered in the course of the investigation.

29. At a hearing on July 27, 2006, in federal court in Portland, Barnard testified that Younas Haji was the individual named in the arrest warrant.

30. As a result of Barnard's testimony, the court found that Haji was the individual named in the arrest warrant, and Haji was held in jail for approximately five days.

31. Between July 27, 2006 and January 8, 2007, Haji, through his attorney, presented the office of the United States Attorney with documents from his school and his employment that established that Haji was in Maine on the dates he was alleged to have possessed or attempted to possess khat in New York City.

32. On or about January 17, 2007, a *nolle prosequi* was filed, resolving the indictment favorably to Haji.

33. On or about March 10, 2007, plaintiff filed a claim against the Drug Enforcement Administration, and on or about September 11, 2007, the claim was denied.

34. On or about March 26, 2007, plaintiff filed a notice of claim with the City of New York. More than 30 days has elapsed, and the claim has not been resolved.

**Count I – Federal Tort Claims Act claim against the United States**

35. The named defendants and other employees of the United States, all acting within the scope of their employment, maliciously prosecuted plaintiff.

**Count II – Common-law claim against the City of New York**

36. Unknown Employees of the City of New York, acting within the scope of

their employment, maliciously prosecuted plaintiff.

**Count III – Common-law claims against individual defendants**

37. Barrett, Barnard, Buchanan, and Unknown Employees of the United States, the City of New York, and the State of New York, maliciously prosecuted plaintiff.

**Count IV -- Bivens Claim against Barrett, Barnard, Buchanan, and Unknown Employees of the United States.**

38. Barrett, Barnard, Buchanan, and Unknown Employees of the United States violated plaintiff's rights under the 4th Amendment to the United States Constitution.

**Count V – 42 U.S.C. § 1983**

39. Unknown Employees of the City of New York and the New York State denied plaintiff his right to be free of arrest and prosecution without due process of law, in violation of the Fourth and Fourteenth Amendments of the Constitution and 42 U.S.C. § 1983.

**Damages**

40. Plaintiff suffered psychological injuries, mental anguish, humiliation, imprisonment, loss of earnings, expenses in connection with his prosecution, and a restriction of his freedom to travel as a result of the actions of defendants.

41. Plaintiff requests judgment for compensatory and punitive damages, attorney's fees, and costs.

Dated:   New York, NY
         March 4, 2008

                                        _____
                                        Eugene B Nathanson
                                        Attorney for Plaintiff
                                        30 Vesey Street, 4th Floor
                                        New York, NY 10007-2914
                                        212-608-6771