UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------x
                           :

YOUNAS HAJI,                   :

                Plaintiff,   :   08 Civ. 2230 (TPG)

        - against -      :   **OPINION**

                    :

THE UNITED STATES OF AMERICA, :
THE CITY OF NEW YORK, DRUG    :
ENFORCEMENT AGENCY SPECIAL  :
AGENTS ROBERT BARRETT, KATE  :
BARNARD, PAUL BUCHANAN, AND  :
UNKNOWN EMPLOYEES OF THE     :
UNITED STATES, NEW YORK STATE, :
AND NEW YORK CITY,          :

              Defendants.  :
------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/9/09

Plaintiff Younas Haji filed this action on March 6, 2008, asserting

the following five causes of action: (1) a tort claim of malicious

prosecution against the United States, brought under the Federal Tort

Claims Act ("FTCA"), 28 U.S.C. § 1346(b); (2) a claim of malicious

prosecution against the City of New York; (3) a claim of malicious

prosecution against Drug Enforcement Agency ("DEA") Special Agents

Robert Barrett, Kate Barnard, and Paul Buchanan, and unknown

employees of the United States and of the City and State of New York; (4)

a constitutional tort claim under <u>Bivens v. Six Unknown Named Agents</u>

<u>of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), against DEA Special

Agents Barrett, Barnard, and Buchanan, as well as unknown employees of the United States, for violations of plaintiff's Fourth Amendment rights; and (5) a constitutional tort claim against unknown employees of the City and State of New York, brought under 42 U.S.C. § 1983, for violations of plaintiff's Fourth and Fourteenth Amendment rights.

Plaintiff has voluntarily dismissed (1) the second cause of action, and (2) all claims against DEA Special Agents Barnard and Buchanan. This leaves the United States, DEA Special Agent Barrett, and unknown federal employees as the remaining federal defendants.

The federal defendants now move to dismiss plaintiff's claims against them, pursuant to Fed. R. Civ. P. 12(b)(1), for lack of subject matter jurisdiction, and 12(b)(6), for failure to state a claim. In the alternative, defendants move for summary judgment on these claims pursuant to Fed. R. Civ. P. 56.

The appropriate motion is one for summary judgment. The motion is granted and the case is dismissed as to the federal defendants.

## FACTS

The allegations in the instant complaint arise in connection with an investigation conducted by the New York Organized Drug Enforcement Strike Force, a federal task force charged with investigating international drug trafficking and money laundering organizations with ties to New York City. The Strike Force is comprised of Special Agents from a number of agencies, including Immigration and Customs

Enforcement, the Internal Revenue Service, and the DEA, as well as federally-deputized officers of the New York State Police and the New York City Police Department.

In 2006, the Strike Force opened an investigation into "khat" importation, distribution, and into money laundering. Defendant Barrett was a DEA Special Agent working on the Strike Force, and one of three case agents involved in that investigation. Khat is a schrub found in several African countries that contains cathinone, a stimulant classified as a Schedule I controlled substance in the United States. Chewing khat produces side effects including disorientation, hallucinations, outbursts of irrational violence, and hypertension.

In early 2006, the Strike Force learned that Somali immigrants were supplying large quantities of khat to the Boston metropolitan area. The Strike Force learned that these immigrants used an informal money-transmitting system known as the Hawala system to send to Europe (1) payments for khat shipments to the United States, and (2) proceeds from khat sales in the United States. In U.S. v. Elfgeeh, 515 F.3d 100, 108-09 (2d Cir. 2008), the Second Circuit recounted that the Government at trial had explained for the jury that a "Hawala operates in a similar fashion to a Western Union business. It's a money transfer operation. The word Hawala translated from Arabic into English means transfer."    The Government also explained that one of the advantages of using a Hawala was that the "true originator of the funds and the true beneficiary of the

funds are not identifiable" in such transactions.  Id.  In the present case, the khat traffickers under surveillance by the Strike Force used Hawala businesses with the names Olympic and Dahabshil, Inc.

From February to July 2006, the Strike Force intercepted a number of telephone conversations of Somali immigrants discussing distribution of khat.  Specifically, the Strike Force intercepted calls to and from the suspected leaders of the drug ring, Ali Awad and Bashi Muse, and many of those calls referred to a co-conspirator named "Yunis."  Yunis both received and placed calls to Awad, Muse, and others about picking up, mailing, and transporting packages of khat.  Plaintiff Younas Haji was later arrested based on a belief that he was the "Yunis" here referred to.

On February 10, 2006 the Strike Force conducted mobile surveillance of several suspects, including Yunis.  The Strike Force intercepted a number of cellular telephone calls in which Awad stated that he expected to receive a large khat shipment to Mailboxes Etc., at 847A 2nd Avenue in New York City.  The Strike Force members therefore established surveillance near that location.

Later that day, the Strike Force intercepted a call from store employees at Mailboxes Etc. to Awad informing him that three boxes had arrived.  The Strike Force had also learned in earlier wiretapped conversations that Awad had instructed Yunis to drive to Manhattan and pick up the boxes from Mailboxes Etc.  Awad had also asked another

khat trafficker, Osman, to watch Yunis retrieve the boxes, because he did not fully trust Yunis.

The Strike Force agents stationed at Mailboxes Etc. observed the arrival of a black man in an SUV, and intercepted telephone calls that confirmed this man was Yunis.  With the assistance of the store clerk, Yunis placed all three boxes in his SUV, and drove away.  He was followed by Osman, and also the Strike Force members.  Shortly thereafter, both Yunis and Osman pulled over on Third Avenue, between 94th and 95th Streets, so that Osman could inspect the khat.  The two men then departed in their vehicles, but stopped on 118th Street. Intercepted calls revealed that Yunis and Osman intended to distribute khat to an individual who would transport the khat to Minneapolis. Yunis and Osman then traveled to a FedEx Kinkos store in Harlem at 116th Street.  Yunis was seen entering the FedEx Kinkos store with one box, and one of the Special Agents entered the store to observe Yunis filling out mailing labels.

The Strike Force also monitored calls that revealed that on March 16, 2006 and March 17, 2006, Yunis intended to retrieve ten boxes of Khat from Germany, and a delivery service was to deliver the boxes to various Manhattan mail drops.  The delivery service, however, seized those boxes, and Special Agent Barrett took representative samples for laboratory testing that confirmed they contained khat.

To discover Yunis's last name, Special Agent Barrett asked the Boston DEA office to obtain photographs from the Boston Police Department of all individuals with the first name Yunis, Younas, Younis or Yonas.   Special Agent Barrett also requested that Immigration and Customs Enforcement search immigration databases for all Somali immigrants with that first name, who were residing in Massachusetts and Maine, where the Strike Force believed khat traffickers laundered proceeds through the Hawalas.

In response to these requests, Special Agent Barrett received many photographs and files, including the immigration file of plaintiff Younis Haji, a resident of Maine.   This file revealed that plaintiff was a Somali immigrant who had been observed using Dahabshil, Inc., a Hawala in Portland, Maine that was under surveillance by Immigration and Customs Enforcement.   The file also linked plaintiff with a Somali immigrant named Ismaciil Geele, a well-known khat distributor who was later indicted as a member of the khat conspiracy.   Special Agent Barrett showed a photograph of plaintiff from the immigration file to one of the DEA Special Agents who had conducted the surveillance at the FedEx Kinkos store on February 10, 2006 and had also entered the store to observe more closely the suspect Yunis as he filed out mailing labels. The surveillance agent immediately identified the person in the photograph as the man he had observed filling out labels in the FedEx Kinkos store.

Special Agent Barrett asserts that he believed plaintiff was the man known as Yunis in the khat trafficking organization, based on this identification, plaintiff's use of the Dahabshil, Inc. Hawala in Portland, Maine, and plaintiff's association with Ismaciil Geele.

On July 19, 2006, Special Agent Barrett testified before a federal grand jury in the Southern District of New York to present the evidence the Strike Force had collected. That same day, the grand jury returned a six count sealed indictment against 44 individuals, including plaintiff. Plaintiff was named as one of the "transporters for the Organization responsible for moving shipments of khat from one city to another city within the United States." He was charged in Count I with conspiracy to distribute and possess with intent to distribute khat, and in Count II with conspiracy to import khat.[1]

A United States Magistrate Judge in the Southern District of New York then signed arrest warrants for plaintiff and the other indicted individuals. Because plaintiff's file indicated that he lived in Portland, Maine, Special Agent Barrett asked Special Agent Barnard, of the Portland, Maine DEA office, to execute the arrest warrant. On July 26, 2006, Special Agents Barnard and Buchanan executed the warrant and arrested plaintiff. At an identity hearing held on July 27, 2006, before the United States District Court in Portland, Maine, a Magistrate Judge found that plaintiff was the same individual named in the arrest warrant.

---

[1] On July 26, 2006, a superseding indictment was filed. The Government asserts that the counts against Haji remained the same as in the original indictment.

On August 1, 2006, plaintiff appeared at a detention hearing in Portland, Maine.   He was released on an unsecured bond with conditions, and directed to appear in the Southern District of New York.

During this time, the Strike Force members had arrested other individuals named in the indictment, including several key co-conspirators, but none of them identified plaintiff as a member of the conspiracy when showed his photograph. Plaintiff also presented evidence of an alibi for the dates he was alleged to have been engaged in the distribution of khat.

On January 8, 2007, prosecutors filed a <u>nolle prosequi</u>, which was signed by the Honorable Denise Cote, District Court Judge for the Southern District of New York, on January 16, 2007.

## DISCUSSION

Summary judgment should granted only if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." <u>Matican v. City of New York</u>, 524 F.3d 151, 154 (2d Cir. 2008).   In determining whether a genuine issue exists as to any material fact, the court is required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought.   <u>Holcomb v. Iona College</u>, 521 F.3d 130, 137 (2d Cir. 2008).

Count I: Federal Tort Claims Act

In Count I of the complaint, plaintiff asserts the common law tort claim of malicious prosecution against the United States under the Federal Tort Claims Act, 28 U.S.C. § 1346(b).   Specifically, plaintiff contends that Special Agent Barrett and other unknown employees of the United States, acting within the scope of their employment, maliciously prosecuted plaintiff, and therefore the United States is liable under the FTCA.   Defendant United States moves for summary judgment on this claim on the ground that plaintiff fails to establish the requisite elements of a malicious prosecution claim.

The FTCA allows plaintiffs to sue the United States for damages for torts committed by its employees while acting within the scope of their office or employment.   28 U.S.C. § 1346(b)(1).   Liability under the FTCA, however, is limited to "circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."   Id.   The parties do not contest that New York law applies here, since the events giving rise to the malicious prosecution claim occurred in New York.   See Maldonado v. Pharo, 940 F. Supp. 51, 53-54 (S.D.N.Y. 1996).

To state a claim of malicious prosecution under New York law, a plaintiff must establish (1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4)

actual malice as a motivation for defendant's actions.  Jocks v. Tavernier, 316 F.3d 128, 136 (2d Cir. 2003).

Defendant contends that plaintiff fails to establish the second, third, and fourth elements of this cause of action.

Defendant first asserts that the prosecution against plaintiff was not terminated in his favor, because the nolle prosequi that prosecutors filed to discontinue the case stated that "it has been concluded that further prosecution of Younas Haji would not be in the interests of justice."

It is uncontested that a dismissal in the interest of justice "is neither an acquittal of the charges nor any determination of the merits," but rather "leaves the question of guilt or innocence unanswered."  Hygh v. Jacobs, 961 F.2d 359, 368 (2d Cir. 1992).  The Second Circuit has held that "as a matter of law, it cannot provide the favorable termination required as the basis for a claim of malicious prosecution."  Id.

Even if the favorable termination issue were in doubt, defendant asserts that it is conclusively shown that there was probable cause for plaintiff's arrest.

Under New York law, probable cause "consists of such facts and circumstances as would lead a reasonably prudent person in like circumstances to believe plaintiff guilty."  Colon v. City of New York, 468 N.Y.S.2d 453, 455-56, 455 N.E.2d 1248, 1251, 60 N.Y.2d 78 (N.Y. 1983). However, once a suspect has been indicted, New York law "holds that the

Grand Jury action creates a presumption of probable cause," premised on the grounds that "the Grand Jury acts judicially and it may be presumed that it has acted regularly." Id. Thus, in New York, unlike in other states, "the trial court may not weigh the evidence upon which the police acted or which was before the Grand Jury after the indictment has issued." Id. Rather, to succeed on a malicious prosecution claim after a plaintiff has been indicted, "he must establish that the indictment was produced by fraud, perjury, the suppression of evidence or other police conduct undertaken in bad faith." Id. The police's failure to pursue other avenues of investigation that were available is "not the equivalent of fraud or the suppression of evidence." Id.

Here, it is uncontested that Special Agent Barrett testified before a federal grand jury in New York to present the evidence the Strike Force had collected concerning the khat conspirators. He testified that plaintiff was the khat trafficker Yunis based on several pieces of evidence he had collected. First, he relied on plaintiff's immigration file, which showed that plaintiff's first name was Younas, that he was a Somali immigrant who had been observed using Dahabshil, Inc., a Hawala in Portland, Maine that was under surveillance, and that he was associated with a Somali immigrant named Ismaciil Geele, a well known Khat distributor. Second, Special Agent Barrett relied on another DEA Special Agent's identification of plaintiff as the suspect Yunis, who he had observed handling khat at a FedEx Kinkos store on February 10, 2006.

There is no evidence which even suggests fraud, perjury, the suppression of evidence or other police misconduct.   Nor is there any evidence of malice.   The United States is therefore entitled to summary judgment dismissing Count I of the complaint.

Count III: Common Law Tort Claim Against Special Agent Barrett et al.

In Count III, plaintiff asserts the common law tort claim of malicious prosecution against Special Agent Barrett, as well as other unknown employees of the United States and the City and State of New York.   On this motion, defendants United States and Barrett contend that plaintiff cannot maintain this tort claim against Special Agent Barrett, because according to the Federal Tort Claims Act, a common law tort claim may not be brought against a federal agent acting within the scope of his employment.    A claimant's exclusive remedy for nonconstitutional torts committed by government employees acting within the scope of their employment is a suit against the United States under the FTCA.

The FTCA includes the following provision:

> Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant.

28 U.S.C. § 2679(d)(1).  The United States Attorney for the Southern District of New York Michael Garcia, to whom the Attorney General has delegated the authority to make Section 2679(d)(1) certifications, see 28 C.F.R. § 15.4, has certified that Special Agent Barrett was acting within the scope of his employment as a DEA Special Agent in connection with his involvement with the Strike Force in 2006, and his subsequent testimony before a grand jury as to the identity of members of the khat conspiracy.

Accordingly, this Court should deem the common law tort claim of malicious prosecution against Special Agent Barrett as an action against the United States.  As such, it is dismissed for the same reasons stated as to Count I.  As to the unknown federal employees, there is no showing of any basis for keeping Count III open as to them.

Count IV: Bivens Claim

In Count IV of the complaint, plaintiff asserts a constitutional tort claim under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), against Special Agent Barrett and unknown employees of the United States on the ground that they violated plaintiff's Fourth Amendment right to be free from unreasonable search and seizure.  The complaint clearly states that plaintiff is suing Special Agent Barrett and the others in their individual capacities only.

Defendants assert that Count IV should be dismissed on the ground of qualified immunity.

The doctrine of qualified immunity provides that "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982); see also the recent Supreme Court decision, Pearson v. Callahan, 129 S. Ct. 808 (2009). Thus, public officials are entitled to qualified immunity if: "(1) their conduct does not violate clearly established constitutional rights, or (2) it was objectively reasonable for them to believe their acts did not violate those rights." Martinez v. Simonetti, 202 F.3d 625, 633-34 (2d Cir. 2000).

The Second Circuit has adopted the New York state law presumption of probable cause created by a grand jury indictment, and held that this presumption, "if unrebutted, is sufficient to block a *Bivens* claim for malicious prosecution." Green v. Montgomery, 219 F.3d 52, 60 fn. 2 (2d Cir. 2000); Bernard v. U.S., 25 F.3d 98, 104-05 (2d Cir. 1994).

The record demonstrates beyond any question that Barrett and any other federal officers involved are entitled to qualified immunity and that there is no valid Bivens claim against them.

### CONCLUSION

The court grants the motion for summary judgment of defendants United States, Special Agent Barrett and unknown federal employees, and the case is dismissed as to them.

Dated: New York, New York
       March 9, 2009

SO ORDERED

Thomas P. Griesa
U.S.D.J.